

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. 0-1450
Re: To what fund should the
county treasurer deposit
the excess commissions
received by him over and
above his $2,000 maxi-
mum compensation earned
as commissions on the pro-
ceeds of the sale of Road
Bonds voted by the county.

By your letter of September 14, 1939, you submit for the opinion of this department three questions, which we quote as follows:

"1. To what fund should the County Treasurer deposit the excess commissions received by him over and above his $2,000.00 maximum compensation earned as commissions of the proceeds of the sale of road bonds voted by the county?

"2. Is he required to deposit these excess commissions in the general fund?

"3. Or, is the Commissioners' Court authorized to use these excess commissions in the road districts for which the bonds were voted and sold?"

The County Treasurer, under the provisions of Articles 1709 and 1710, is authorized and required to receive all moneys belonging to the County, irrespective of the source from which they are derived, and to disburse and account for all moneys which shall come into his hands by virtue of his office. For performing his official duties, he is allowed, under Article 3941, stipulated commissions on certain moneys received and paid out by him. Within the statutory limits, the Commissioners' Court sets the percentage which shall be paid him as commissions.

Subject to certain exceptions, which do not concern us here, Article 3943 provides that the maximum compensation to be allowed the county treasurer in a county such as San Saba shall not exceed $2,000.00 annually.

Our Supreme Court in Harris County v. Charlton, 243 S.W. 460, 112 Tex. 19, held:

"The commissions accrued to the benefit of the county treasurer as he handled the various funds entrusted to his care . . . When his limit of $2,000 was reached in collecting and disbursing these funds, in whatever month, then his right to collect and retain further commissions . . . ceased."

If, as your letter intimates, the commissions specified in Article 3941 were set aside or collected and retained by the County Treasurer even after the maximum allowable had been earned, such setting aside or retention was not authorized by law.

It is provided in Article 752j that moneys realized from the sale of road district bonds "shall be placed in the county treasury of such county to the credit of such political subdivision or road district of such county. . . . " This means that such moneys belonging to the road districts of the county constitute a special fund in the county treasury, separate and apart from the county funds.

These road district funds can never become part of the county general fund. Certainly the fact that a portion of them have been retained by the County Treasurer under the mistaken impression that such portion constituted commissions to which he is entitled by law does not change their character as road district funds. Red River County v. Graves (Civ. App., Texarkana, 1926) 288 S.W. 54. See also Watson v. El Paso County (Civ. App., El Paso, 1918), 202 S.W. 125.

The Red River County case was a suit by the county to recover excess commissions collected and retained by the County Treasurer. The court held that the county could not recover that portion of the excess commissions which came from the Road district fund since it did not allege that it sought recovery of that portion for the use and benefit of the road district.

In answer to your first question, therefore, it is the opinion of this department that under the statutes above noted and under the decision in Harris County v. Charlton, supra, no occasion should arise

for the County Treasurer in San Saba County to receive any commissions whatsoever after he has earned his maximum compensation of $2,000.00 for any fiscal year.

However, if due to a misinterpretation of the law, the County Treasurer collected commissions in excess of that maximum, such excess must be returned to the fund, or funds, from which it came.

If all of the excess commissions, that is, that portion of the total commissions which was received after the maximum had been earned, came from funds belonging to the road districts for which the bonds were voted and sold, all of such excess must be returned to the road districts. This answers your third question.

In answer to your second question, if all of the excess came from the road district fund, such excess cannot lawfully be placed in the county general fund.

Trusting that the above sufficiently answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 10, 1939

/s/ Gerald C. Mann

By /s/ Robert E. Kepke
Robert E. Kepke
Assistant

ATTORNEY GENERAL
OF TEXAS

By /s/ Peter Maniscalco
Peter Maniscalco

PM:BT/cm

APPROVED
Opinion Committee
By  BWB
Chairman